IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIMOTHY STAHL, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FIRST COMMUNITY CREDIT UNION, <br><br> Defendant. | Civil Action No.: 23-1522 <br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Timothy Stahl ("Plaintiff"), by and through undersigned counsel, hereby files this class action complaint, on behalf of himself and all others similarly situated ("Class Members"), against First Community Credit Union ("FCCU" or "Defendant"), based upon information and belief except where specifically stated otherwise, and states as follows:

### INTRODUCTION

1. As alleged in greater detail below, FCCU engages in a practice of unilaterally withdrawing funds from FCCU deposit accounts with a payable on death designation ("POD Accounts") for payment of debts allegedly due to FCCU on separate credit card accounts. This practice violates the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), which prohibits depository institutions from seizing funds of its depositors for credit card debt if the institution does not have a proper consensual security interest.

1

2. Plaintiff, on behalf of himself and Class Members, seeks damages, including statutory damages, actual damages, and attorneys' fees and costs, for Defendant's violation of the TILA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337(a) and 15 U.S.C. § 1640(e).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because some of the acts, practices, and course of business constituting the violations alleged in this Complaint occurred within this District.

## PARTIES

5. Plaintiff Timothy Stahl is an individual who resides in Harris County, Texas. Plaintiff, at the relevant time period of this action, was named as a POD Account Beneficiary to his mother's, Sherrill Adams, POD Accounts deposited with the Defendant, FCCU.

6. Defendant is a federally insured Texas State Financial Institution that regularly transacts business in this District, maintains a branch in this District, and whose principal office is located in this District.

## FACTUAL ALLEGATIONS

7. Plaintiff's mother, Sherrill Adams ("Sherrill"), maintained two POD Accounts with Defendant FCCU. Sherrill opened these POD Accounts so that upon her death, ownership of her accounts would pass to her designated POD Account Beneficiaries rather than pass through her estate.

8. Sherill designated Plaintiff and his sister, Suzanna Joy Adams Garbarino, as POD Account Beneficiaries on each of her POD Accounts.

9. The POD Accounts were open and active at all times relevant to Plaintiff's claims.

10. In addition to the POD Accounts, Sherrill also maintained a separate credit card account with FCCU.

11. Sherrill passed away on September 12, 2022. Upon her death, ownership of her POD Accounts passed to her designated POD Account Beneficiaries, to be split equally between Plaintiff and his sister.

12. At the time of Sherrill's death, and prior to the FCCU withdrawals challenged herein, Sherrill's POD Accounts had a balance of approximately $ 28,171.62.

13. At the time of Sherrill's death, Sherrill's FCCU credit card account had a balance of approximately $ 12,875.90.

14. After Sherrill's death on September 12, 2022, FCCU was required to tender the *entire* balance of the POD Accounts to Plaintiff and Plaintiff's sister as the POD Account Beneficiaries.

15. Based upon information and belief, however, FCCU failed to do so. Instead, FCCU sent an "Account Close Request Form" to Plaintiff and Plaintiff's sister, which would authorize the immediate closure of the POD Accounts and disbursement of the "balance remaining" to each POD Account Beneficiary.

16. Based upon information and belief, without informing the POD Account Beneficiaries, FCCU would use this "Account Close Request Form" as authority to unilaterally deduct the original account holder's credit card balance from the POD Account balance prior to transferring the funds to the POD Account Beneficiaries.

3

17. Plaintiff's sister signed the Account Close Request Form. Based upon information and belief, FCCU then deducted a pro-rata share of the credit card balance from Plaintiff's sister's distribution and tendered the remaining balance due to her, approximately, $ 7,764.63.

18. Plaintiff, however, refused to sign the Account Close Request Form. Upon information and belief, FCCU advised Plaintiff that it was a standard practice to deduct FCCU credit card debt from funds held in POD Accounts before passing ownership of the POD Accounts to the designated beneficiary. Nevertheless, Plaintiff demanded that FCCU present him with his *entire* share of the POD Accounts balance. FCCU has so far refused to do so.

19. Subsequently, Plaintiff received a revised FCCU credit card statement for Sherrill's FCCU credit card account. Based upon information and belief, that statement showed that the entire credit card balance had been paid off, indicating that despite FCCU's obligation to distribute the entire balance of the POD Accounts to the POD Account Beneficiaries, and despite Plaintiff's refusal to sign the Account Close Request Form, FCCU had already deducted the full balance of the FCCU credit card debt from Sherrill's POD Accounts.

20. To date, FCCU has refused to transfer ownership of all funds due to Plaintiff in the POD Accounts, including the improperly deducted funds for Sherrill's FCCU credit card debt.

21. These withdrawals were made as a matter of policy and practice by FCCU. Upon the death of a POD Account holder who owed money on a separate credit card account at FCCU, FCCU would unilaterally and without permission make withdrawals from the POD Account in order to collect the separate credit card debt owed by the previous POD Account

holder. FCCU lacked the proper security interest in the POD Accounts, however, to be able to legally make these withdrawals.

22. FCCU fails to comply with the legal requirements to establish a proper "consensual security interest," as required by the TILA, 15 U.S.C. § 1666h, and Regulation Z, 12 C.F.R. § 226.12(d).

23. Specifically, FCCU lacks a sufficient consensual security interest that: (i) includes a separate signature or initials on an agreement indicating that a security interest has been given; (ii) is placed on a separate page or is otherwise separate from other contract and disclosure provisions; or (iii) references a specific amount of deposited funds or a specific deposit account number. *See* Official Staff Commentary on Regulation Z, F.R.R.S. 6-1170.7, 2006 WL 3947402, at *1 (June 2018).

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and, under Federal Rules of Civil Procedure 23(a) and (b)(3), as a representative of a Class defined as follows:

> All persons who were listed as a Payable on Death Account Beneficiary to a FCCU deposit account with a payable of death designation, otherwise known as a POD Account, from which FCCU unilaterally withdrew funds following the death of the original account holder, and who have been harmed by the Defendant's conduct alleged herein.

25. **Numerosity.** Members of the Class are so numerous that joinder is impracticable. While Plaintiff does not know the exact size of the Class, Plaintiff believes—based on the size of Defendant's business, the form nature of its alleged security interest, and its automatic improper deduction practices—that Defendant has wrongfully withdrawn money from POD Accounts of at least several hundreds of FCCU Account Beneficiaries geographically dispersed throughout the United States. As such, a class action is superior

5

to other methods of adjudication due to its capacity for efficiency and its preservation of judicial economy.

26. **Commonality.** There are questions of law and fact common to the Class, which questions relate to the existence of the practice alleged and the type of common injury sustained as a result thereof, including, but not limited to:

- Whether the Defendant has made improper and unauthorized withdrawals from Class Members' POD Accounts for debts due on separate credit card accounts;

- Whether Defendant's withdrawals from the Class Members' POD Accounts for credit card debts is permitted by the Truth in Lending Act;

- Whether Defendant has a "consensual security interest" allowing it to withdraw funds from Class Members' POD Accounts for debts due on separate credit card accounts;

- Whether Class Members are entitled to a return of any withdrawals taken by the Defendant from their POD Accounts for credit card debts;

- Whether the Class is entitled to any damages from the Defendant's improper practices.

27. **Typicality.** Plaintiff's claims are typical of the claims of the Members of the Class. Plaintiff and all Class Members were harmed by the same wrongful conduct of Defendant.

28. Plaintiff will fairly and adequately protect and represent the interests of the Class. The interests of Plaintiff are coincident with, and not antagonistic to, those of the Class. Accordingly, by proving his own claim, Plaintiff will prove other Class Members' claims as well.

29. **Adequacy of representation.** Plaintiff is represented by counsel who are experienced and competent in the prosecution of class actions and complex financial litigation. Plaintiff and his counsel have the necessary financial resources to litigate this class action adequately and vigorously. Plaintiff can and will fairly and adequately represent the interests of the Class and has no interests that are adverse to, conflict with, or are antagonistic to the interests of the Class.

## VIOLATION OF THE TRUTH IN LENDING ACT

30. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

31. Defendant's practices violate the TILA by offsetting funds from deposit accounts for payment of credit card debts without the legal right to do so.

32. 15 U.S.C. § 1666h(a) of the Truth in Lending Act specifically provides, in relevant part:

> **(a) Offset against consumer's funds**
>
> A card issuer may not take any action to offset a cardholder's indebtedness arising in connection with a consumer credit transaction under the relevant credit card plan against funds of the cardholder held on deposit with the card issuer unless—
>
> (1) such action was previously authorized in writing by the cardholder in accordance with a credit plan whereby the cardholder agrees periodically to pay debts incurred in his open end credit account by permitting the card issuer periodically to deduct all or a portion of such debt from the cardholder's deposit account, and
>
> (2) such action with respect to any outstanding disputed amount not be taken by the card issuer upon request of the cardholder.

33. Regulation Z, 12 C.F.R. § 226.12(d), further provides, in relevant part:

> (d) Offsets by card issuer prohibited.

> (1) A card issuer may not take any action, either before or after termination of credit card privileges, to offset a cardholder's indebtedness arising from a consumer credit transaction under the relevant credit card plan against funds of the cardholder held on deposit with the card issuer.

34. FCCU lacks a sufficient security interest that complies with the mandates of the TILA and its accompanying regulations and guidance provided by the Commentary to Regulation Z. The original account holders of FCCU POD Accounts, of whom Plaintiff and Class Members are beneficiaries, have not affirmatively agreed to grant FCCU any security interest in their POD Accounts, and FCCU's practice is the "functional equivalent of a right of offset," which is prohibited by Regulation Z. Specifically, neither the original account holders nor Plaintiff and Class Members provided a separate signature or initials on any agreement indicating that a security interest was being given; no security interest was placed on a separate page or otherwise separated from other contract or disclosure provisions; and no security interest referenced a specific amount of deposited funds or a specific deposit account number.

35. FCCU failed to have a consensual security interest in the Plaintiff's and the Class Members' deposit funds at the time it automatically debited their POD Accounts for separate credit card debts due to FCCU, and, as a direct and proximate result of Defendant's violation of the TILA and its accompanying regulations and guidance, Plaintiff and Class Members have all suffered damages.

## JURY DEMAND

36. Plaintiff hereby demands trial by jury on all issues so triable.

## PRAYER

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff Timothy Stahl prays for judgment in his favor and against Defendant FCCU for the following relief:

a. an Order certifying a class of persons as set forth herein pursuant to Federal Rule of Civil Procedure 23;

b. an Order appointing Plaintiff as the Class Representative of the Class;

c. an Order appointing Plaintiff's counsel as Class Counsel;

d. an award of maximum statutory damages as provided under 15 U.S.C. § 1640(a)(2);

e. an award of actual damages, with pre- and post-judgment interest thereon, resulting from FCCU's improper and unilateral deduction of credit card debts due to FCCU from POD Accounts;

f. an award of attorneys' fees, costs and expenses as allowed by law; and

g. all such other relief as this Court deems fair and just.

Respectfully submitted,

/s/ Jason W. Burge
_____
Jason W. Burge, *Attorney-in-charge*,
Tex. Bar No. 24112316; S.D. Tex. Bar No. 3456415
Carly E. Jonakin, La. Bar No. 40412
(*pro hac vice forthcoming*)
FISHMAN HAYGOOD, LLP
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jburge@fishmanhaygood.com
cjonakin@fishmanhaygood.com

David W. Miller,
Tex. Bar No. 24072243; S.D. Tex. Bar No. 3041831
MCCULLOCH & MILLER, PLLC
1900 St. James Place, Suite 425
Houston, Texas 77056
(713) 333-8900; (713) 513-5100 fax
david@mcmfirm.com

**Counsel for Plaintiff Timothy Stahl and the Putative Class.**